Filed 2/17/22  P. v. Clark CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077549 |
| v. | (Super.Ct.No. RIF112169) |
| BRIAN ROBERT CLARK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded.

Robert F. Somers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, and Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2004, Brian Robert Clark pled guilty to robbery and was sentenced to 25 years in prison. In 2021, the California Department of Corrections and Rehabilitation (CDCR) recommended recalling and reducing his sentence based on his exemplary behavior while in prison under the provisions of what was then Penal Code section 1170, subdivision (d). The trial court declined the CDCR's recommendation.

On January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) went into effect, which changed the procedure for recall and resentencing upon a recommendation from the CDCR. Both parties agree that Clark is entitled to the ameliorative benefits of the changes to the law and that the appropriate remedy is remand to the trial court for a new hearing on his petition for recall and resentencing. We agree with the parties, reverse, and remand.

I

FACTS

In 2004, the Riverside County District Attorney charged Clark with robbery (Pen. Code, § 211, unlabeled statutory citations refer to this code) and alleged he had three prior serious felony convictions under section 667, subdivision (a), with the most recent of the serious felonies qualifying as a strike under sections 667, subdivisions (c) and (e)(1) and 1170.12, subdivision (c)(1). Clark pled guilty as charged in exchange for a sentence of 25 years, which was composed of a five-year upper term for the robbery, doubled to 10 years due to the prior strike, plus three consecutive five-year sentences for each of the prior serious felonies.

In January 2021, the Secretary of the CDCR sent the trial court a letter recommending it recall Clark's sentence in accordance with then section 1170, subdivision (d). The prosecution opposed the recommendation.

The trial court held a hearing on the recommendation on July 22, 2021, and declined to recall the sentence. Clark timely appealed.

On October 8, 2021, while Clark's appeal was pending, the governor approved passage of Assembly Bill 1540, which took effect on January 1, 2022.

II

ANALYSIS

Assembly Bill 1540 moved and amended the recall and resentencing provisions formerly set out in section 1170, subdivision (d)(1), to a new section, 1170.03. (Stats. 2021, ch. 719.) The new section 1170.03 now requires that when recall and resentencing is initiated—whether on the court's own motion or upon the recommendation of certain statutorily specified parties—the court must "apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).) In addition, "[i]f a resentencing request . . . is from the Secretary of the Department of Corrections and Rehabilitation," (§ 1170.03, subd. (a)) then "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." (§ 1170.03, subd. (b)(2).)

If the CDCR petitioned for his recall and resentencing today, Clark would be entitled to a presumption in favor of recall and resentencing unless he poses an

3

unreasonable risk to public safety. He would also be entitled to have the court apply any ameliorative changes in the law should the court decide to resentence him.

The People and Clark both agree we should reverse and remand to allow the trial court to review the CDCR's recommendation in light of the new law. However, the People contend 1170.03 isn't retroactive, doesn't apply to Clark, and the only reason they recommend remand is because as a practical matter it's likely the CDCR will simply reissue its recommendation sometime in the future.

We disagree with the People and conclude section 1170.03 applies retroactively to Clark's case. In general, ameliorative criminal legislation applies to all non-final judgments. (See *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).) The People contend this rule doesn't apply here because Clark's judgment was final when he appealed. Indeed, he was attempting to render the judgment non-final by way of recall and resentencing. The People also point out that in *People v. Dehoyos* (2018) 4 Cal.5th 594, 601-603 (*Dehoyos*) our Supreme Court found Proposition 47 retroactive, but also concluded that defendants with non-final judgments couldn't obtain its benefits directly on appeal and instead had to seek recall and resentencing after their cases became final.

However, this argument ignores that Clark is not appealing his judgment or sentence directly. He is appealing from a post-judgment order affecting his rights. *Estrada* retroactivity can and does apply when an appellate court is considering an appealable post-judgment order. For example, in *People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*), the Supreme Court determined that the *Estrada* rule applied when

4

challenging a probation revocation order even if the original imposed but stayed sentence was final. Looking at prior decisions, the court stated "we . . . observed that *Estrada* referred not only to the finality of the judgment of conviction, but also to the finality of the ' "case[]" ' or ' "prosecution[]." ' " (*Esquivel*, at p. 678.) The court reasoned *Estrada* applied because "Defendant had not exhausted direct review of the order causing his carceral punishment to take effect. The time for him to seek that review had not expired." (*Ibid.*) In sum "[t]he point is that to the extent *Estrada*'s unarticulated constitutional concerns shed light on the meaning of 'final' for purposes of the presumption of retroactivity, those concerns appear to point toward an inquiry focused on whether the criminal prosecution or proceeding as a whole is complete." (*Id.* at p. 679.)

The criminal proceeding here is not complete. Clark is not directly challenging his conviction, which is final. He is only appealing an order denying him the opportunity to have his sentence recalled and to be resentenced. The time for review of that decision has not run, and while review was pending changes in the law entitled him to some measure of relief he didn't have before. *Estrada* retroactivity therefore applies in this case.

Nor is the People's reliance on *Dehoyos* persuasive. In *Dehoyos* the defendant *was* directly challenging their conviction. They were seeking to have their sentence reduced in accordance with the change in the law without having to go through the statutory resentencing procedures which would have applied to them had their sentence been final. (*Dehoyos*, *supra*, 4 Cal.5th at p. 597.) That is not what is happening here. Clark is not directly challenging his sentence or attempting to have any ameliorative benefits applied

5

to his sentence directly. Indeed, unlike in *Dehoyos*, Clark *wants* to be resentenced according to the procedures in section 1170.03 precisely because his conviction is final and that is one of the only ways he can potentially reopen it.

We therefore remand to the trial court to allow it to reconsider the CDCR's petition in light of newly enacted section 1170.03.

III

DISPOSITION

We reverse the trial court's decision not to recall Clark's sentence and resentence him, and remand for it to reconsider whether to recall and resentence him in light of newly enacted section 1170.03.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.

6